UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

—————————————————————
                                                    )
UNITED STATES OF AMERICA,                           )
                                                    )
         v.                                         )          CRIMINAL NO. 97-mj-00217-JCB
                                                    )
                                                    )
CATHERINE GREIG,                                    )
                    Defendant.                      )
—————————————————————)


**JOINT STATUS REPORT**

        In response to the Court's Order dated July 11, 2011, the parties submit the following

status report regarding victim statements at the detention hearing.  The parties conferred this

morning and were unable to reach an agreement over whether victim statements may be made at

the detention hearing.  The United States maintains its position that the victims may be heard.

The Defendant maintains her position that the victims are not appropriately heard on the ground

that they are not in this case "crime victims" as defined by the Crime Victims Rights Act, enacted

as Title I of the Justice For All Act of 2004, Pub.L. 108-405.  See 18 U.S.C. §3771(e).

        The United States principally bases its position on the language of the statute, which

defines "crime victim" as "a person directly and proximately harmed as a result of the

commission of a Federal offense."  18 U.S.C. § 3771(e).  This language is intentionally broad

and inclusive.  See United States v. Turner, 367 F.Supp.2d 319, 326-27 (E.D.N.Y. 2005)

(discussing the definition of "crime victim" in § 3771(e)).  In Turner, the court recognized the

need to safeguard the rights provided to victims in § 3771 and concluded that the following

approach in assessing who could be heard as a crime victim was the appropriate one:

absent an affirmative reason to think otherwise, I will presume that any person whom the government asserts was harmed by conduct attributed to a defendant, as well as any person who self-identifies as such, enjoys all of the procedural and substantive rights set forth in § 3771.

Id. at 327.

The victims who have expressed an interest in speaking at the detention hearing fall well within the definition of "crime victim," particularly as the term has been construed by the court in Turner. The victims who wish to be heard at the detention hearing are family members of those whose murders are predicate acts in the pending RICO charges leveled against James Bulger ("Bulger") in case number 99-10371-RGS. The Defendant in this case is charged with harboring Bulger so that he could avoid prosecution. As is evident from the evidence presented thus far in the detention hearing against the Defendant, she persisted in her efforts to harbor Bulger from at least early 1995 through June 22, 2011, when the two of them were apprehended in Santa Monica, California. The Defendant's continuing offense of harboring Bulger caused direct and proximate harm to the family members of those victims. Not only have those family members suffered the emotional trauma from the violence that was done to the victims as alleged in the case against Bulger, but for 16 years they lived with the anguish that Bulger might never be found and never have to answer to those allegations. That harm – in and of itself – permits them to speak as "crime victims" in this case against the Defendant for harboring Bulger.

The Defendant's position is that the alleged "harboring" did not cause any direct or proximate harm to the people who wish to be heard at the detention hearing. The Defendant will file a supplemental brief in support of this position in advance of tomorrow's hearing.

2

The parties have agreed, however, that, if the Court were to conclude that those family members who have expressed interest in speaking at the detention hearing are entitled to make a statement, those speaking will be able to each address the court orally at the conclusion of the presentation of the evidence tomorrow.  The parties have also agreed, consistent with the Court's suggestion yesterday, that the oral statements for each person who wishes to speak be limited to a few minutes (no more than 3 minutes each).  Currently, three family members have expressed an interest in addressing the Court.  The United States is still awaiting word from others as to whether they wish to be heard.   The United States will immediately inform the Court if it learns of additional family members who wish to be heard.

<div style="margin-left: 40%;">

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: **/s/ Jack W. Pirozzolo**
JACK W. PIROZZOLO
First Assistant U.S. Attorney
JAMES D. HERBERT
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3189

CATHERINE GREIG,
Defendant

By:  **/s/Kevin J. Reddington**
1342 Belmont Street, Suite 203
Brockton, Massachusetts 02301
(508) 583-4280
BBO #414160

</div>

July 12, 2011

## <u>CERTIFICATE OF SERVICE</u>

I, Jack W. Pirozzolo, hereby certify that on July 12, 2011, I served a copy of the foregoing motion via electronic filing on counsel for the defendant.

<u>**/s/ Jack W. Pirozzolo**</u>
Jack W. Pirozzolo