UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No.
97-217-JLA

UNITED STATES OF AMERICA

VS.

CATHERINE GREIG

## DEFENDANT'S AMENDMENT TO OPPOSTION TO GOVERNMENT'S MOTION FOR DETENTION

Now comes the defendant, Catherine Greig, in the above numbered cause and does amend her opposition to the government's motion for detention by adding the following;

As indicated in the previous submission the government has charged the defendant with a violation of Title 18 U.S.C. §1071 (concealing a person from arrest). The government's complaint alleges that Catherine Greig harbored and concealed a person for whom an arrest warrant had been issued.

It is apparent that the essential conduct element of harboring a fugitive under the statute is the actual act of harboring and/or concealing the individual

for whom the arrest warrant has been issued after due notice of the fugitive status. <u>United States vs. Bowens,</u> C.A. 4 (VA 2002) 224, F3d 302.

"Conceal" as used in this context means to hide, secrete or keep out of sight. <u>United States vs. Throntin</u>, E.D.N. (1959), 78 F.Supp. 42. The definition of "harbor" within this section means to lodge, to care for after secreting the offender. <u>Id.</u> See also <u>United States vs. Lockhart,</u> C.A. 7 (Ind. 1992), 956 F2d 1418.

In the case of <u>United States vs. Bohna,</u> 413 F.Supp.2d 1095 (December 20, 2005), the defendant was charged with harboring a fugitive. The government presented evidence that the fugitive was indicted on a particular date for conspiracy to commit healthcare fraud and 14 counts of associated charges. An arrest warrant was issued. Arrangements for self surrender were negotiated and the defendant did not turn himself in. The government agents conducted continuous searches looking for this defendant. They advised his wife that an arrest warrant had been issued for him. Two months later the agents learned that the defendant has visited a doctor and health insurance documents had been submitted. Certain medications had been prescribed and they were filled at a drug store after the defendant was indicted and skipped out on an arrest warrant.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

Agents spoke to a pharmacist who advised that he, indeed, filled the prescription and the medications were brought to his office and left with two named individuals. Refills were called in and the agents observed the defendant's wife driving a vehicle in the parking lot of the defendant's business office. They confirmed that the prescription had been filled and dropped off at his office.

A search warrant for the defendant's residence was obtained and empty prescription bottles were discovered. Further, there were a number of large sandwich bags filled with pills as well as American Advantage Credit card. Further, documents were observed regarding instructions to notarize two large certificates to be sent to the Egyptian Embassy as well as a passport with instructions on how to obtain documents and delete emails, etc. Finally, a document was obtained indicating a money wire transfer of $25,000.00 to the fleeing felon in Cairo, Egypt.

The court held that the affidavit as submitted to the court was not supported by probable cause to make out a violation of harboring a fugitive. United States vs. Shapiro, 114 F.2d 891 (2nd Cir. 1940) considering an appeal of a conviction under a predecessor statute to 18 U.S.C. §1071.

That statute made an offense "to harbor or conceal any person..." The appellate court as noted by the Bohna Court held that the terms "harbor" and

"conceal" are active verbs which have the fugitive as their object.  Thus, the court held, "to pay money to a fugitive so he may shelter, feed or hide himself is not within the accepted meaning of to 'harbor or conceal him.'"  The Court further noted that, indeed, this notion of requiring some "affirmative physical action" has been universally adopted in subsequent case decisions.  Citing <u>United States vs. Lockhart,</u> 956 F2d 1418 (7th Cir. 1992).

In <u>United States vs. Hill,</u> 279 F3d 731 (9th Cir. 2002) the court noted the critical factor of affirmative acts is one of significance.

> "Courts draw a distinction, however, between paying money to a fugitive so he may shelter, feed or hide himself which is not harboring and providing said shelter, feed or aid directing which is harboring.  Any physical act of providing assistance, including food, shelter or other assistance to aid the fugitive in avoiding detection and apprehension will make it a violation of the statute."

In <u>United States vs. Vizzachero,</u> 1997 W.L. 597, 750 (E.D. PA September 17, 1997) the court reviewed a substantial number of cases to determine the conduct which would be found to violate the statute.  The court noted the case law clearly holds that making a false statement and failing to disclose the fugitive's hiding place is not the type of assistance that constitutes harboring or concealing as contemplated by §1071.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

The <u>Bohna</u> Court held that the wire transfer of funds as well as the credit card use and the supplying of financial assistance does not constitute acts of harboring or concealing. See <u>United States vs. Yarbrough,</u> 852 F2d at 1543.

The court further held that the providing of medications or obtaining medications as well as the instruction letter did not constitute a sufficient showing of the harboring statute.

Catherine Greig,
By her attorney

/s/Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, Massachusetts  02301
(508) 583-4280
BBO #414160

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Catherine Greig, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 12, 2011.

DEFENDANT'S AMENDMENT TO OPPOSTION TO GOVERNMENT'S MOTION FOR DETENTION

/s/ Kevin J. Reddington

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186