UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No. 97-217-JCB

UNITED STATES OF AMERICA

v.

CATHERINE GREIG

**ORDER PURSUANT TO FED. R. CRIM. P. 5.1**

Boal, M.J.

The defendant, Catherine Greig, is charged in a complaint with harboring and concealing a fugitive in violation of 18 U.S.C. § 1071.  An initial appearance was held on June 24, 2011.  The court held a probable cause and detention hearing on July 11 and 13, 2011.  Defendant was represented by counsel at this hearing.  Special Agent Michael Carazza testified for the government.  The government submitted 37 exhibits into evidence, including the sworn complaint affidavit of Special Agent Charles J. Gianturco (Exhibit 3).  The defendant called Kevin Weeks to testify and submitted briefs challenging the existence of probable cause.

Probable cause is a "fair probability," based on the totality of the circumstances, that the defendant committed the offense charged.  Illinois v. Gates, 462 U.S. 213, 238 (1983).  Circumstantial evidence alone may establish probable cause.  United States v. Bucuvalas, 970 F.2d 937, 940 n.3 (1st Cir. 1992).

Conviction under the harboring statute requires proof of four elements: (1) a federal warrant has been issued for the fugitive's arrest; (2) the defendant had knowledge that a warrant was issued for the fugitive's arrest; (3) the defendant actually harbored or concealed the fugitive; and (4) the defendant intended to prevent the fugitive's discovery or arrest.  United States v.

Mitchell, 177 F.3d 236, 238 (4th Cir. 1999) (citing United States v. Silva, 745 F. 2d 840, 848 (4th Cir. 1984)).  The government may prove the "actual knowledge" element by inference rather than direct evidence.  United States v. Gros, 824 F.2d 1487, 1496 (6th Cir. 1987).

The "actual harboring or concealment element requires some affirmative, physical action by the defendant." United States v. Zabriskie, 415 F.3d 1139, 1145 (10th Cir. 2005) (citing Mitchell, 177 F.3d at 239).  "[A]ny physical act of providing assistance . . . to aid the prisoner in avoiding detection and apprehension will make out a violation of section 1071." Id. (quotations omitted).

After careful review and consideration of all of the evidence and arguments presented at the hearing, pursuant to Fed. R. Crim. P. 5.1(e), I find that the government has established that there is probable cause as to each of the elements necessary  to believe that the defendant committed the crime of harboring and concealing a fugitive in violation of 18 U.S.C. § 1071.

                                                  /s/ Jennifer C. Boal
                                                 JENNIFER C. BOAL
                                                 United States Magistrate Judge

Date: July 15, 2011