

**U.S. Department of Justice**

FILED
IN CLERKS OFFICE

**Carmen M. Ortiz**
United States Attorney
District of Massachusetts

2012 MAR 12  P 4: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

John Joseph Moakley United States

Main Reception: (617) 748-3100
Courthouse

1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 5, 2012

**Via e-mail .pdf**
Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301

> Re:  U.S. v. Catherine E. Greig,
> Criminal No. 1:11-CR-10286-DPW

Dear Mr. Reddington:

This letter sets forth the Agreement among the United States Attorney for the District of Massachusetts (the "U.S. Attorney"), the United States Attorney for the Central District of California (together with the U.S. Attorney for the District of Massachusetts, "the U.S. Attorneys") and your client, Catherine E. Greig (the "Defendant"), in the above-referenced case. The Agreement is as follows:

> 1.  Change of Plea

At the earliest practicable date but in no event later than March 14, 2012, Defendant shall waive indictment and, where applicable, venue, and plead guilty to the Superseding Information attached to this Agreement charging her with: conspiracy to harbor a fugitive in violation of 18 U.S.C. § 371; conspiracy to commit identity fraud in violation of 18 U.S.C. § 1028(f); and identity fraud in violation of 18 U.S.C. § 1028(a)(7). Defendant expressly and unequivocally admits that she committed the crimes charged in the Superseding Information, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

The U.S. Attorneys agree not to charge the Defendant with other offenses based on conduct underlying the crimes charged in this case, provided such conduct has been either acknowledged by Defendant in Court or otherwise disclosed by Defendant before the Defendant pleads guilty. Pursuant to this provision, the U.S. Attorneys agree not to charge the Defendant pursuant to 18 U.S.C. § 1028A or 18 U.S.C. § 922 based on conduct underlying the crimes charged in this case.

The U.S. Attorney agrees to dismiss the Indictment in this matter following imposition of sentence on the Superseding Information.

Defendant agrees with the accuracy of the attached statement of facts. The parties otherwise reserve the right to present additional facts and have contested facts resolved at a sentencing hearing. The allegations in the Superseding Information shall not be construed as limiting or precluding the United States from presenting and proving facts not alleged in the Superseding Information at any sentencing hearing or other further proceeding in this matter.

2.    Penalties

Defendant faces the following maximum penalties:

      a.      as to Count One of the Superseding Information: incarceration for a period of five years; supervised release for a period of three years; a fine of $250,000; and a mandatory special assessment of $100; and

      b.      as to each of Counts Two and Three of the Superseding Information: incarceration for a period of five years; supervised release for a period of three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Information.

Defendant also recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties have no agreement with respect to the application of the United States Sentencing Guidelines.

The United States reserves the right to seek an upward departure and an upward variance from whatever guidelines range is ultimately calculated by the parties, the U.S. Probation Department, and/or the Court. The Defendant similarly reserves the right to seek a downward departure and downward variance.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on her medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in her possession. In addition, Defendant will authorize her care providers to discuss her condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose any argument the Defendant may make for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a) or for any other reason.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels (if the offense level is otherwise calculated to be 16 or greater) or two levels (if the offense level is otherwise calculated to be less than 16) Defendant's Adjusted Offense Level under USSG § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

        (a)     Fails to admit a complete factual basis for the plea;

        (b)     Fails to truthfully admit her conduct in the offenses of conviction;

        (c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

        (d)     Fails to provide truthful information about her financial status;

3

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; or

(j)     Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.     Sentence Recommendation

The parties have no agreement with respect to the sentence recommendation and reserve the right to argue for any sentence within the statutory maximum penalties set forth above.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.     Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

4

6.      Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

   (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000; and

   (b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

   (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Superseding Information are satisfied in full.

7.      Post-sentence Events

   (a) In the event that Defendant appeals or collaterally challenges her sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

   (b) If Defendant seeks re-sentencing, she agrees that she will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that she has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless she has been found actually factually innocent of that prior crime.

   (c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

5

8.    Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

9.    Forfeiture and Assignment of Proceeds from Publicity and Intellectual Property Rights

(a)    Definitions

"Conduct" means any conduct, event, crime or action, or sequence thereof, alleged in the Superseding Information, and encompasses any and all conduct of the Defendant from January 5, 1995 through June 22, 2011.

"Proceeds" means all products, proceeds, profits, benefits, revenue, royalties, payments, properties, assets, compensation, allowances, loans, rights, estates, grants, options, contracts, consideration, remuneration, equities, shares of ownership, and any other things of value, current or future, including without limitation all instruments, money, and claims for money.

"Publicity" means any current or future publication or other dissemination of information, or other description, promotion, sale, or branding, concerning, relating to, describing, derived from, created during, or based on the Conduct, including Defendant's Rights to the Conduct, in whole or in part, and any derivative works based in whole or in part thereon. "Publicity" includes, but is not limited to, any motion picture, book, interview, article, posting, documentary, transcription, diary, journal, narration, commentary, screenplay, recording, memoir, or correspondence, whether in electronic and/or print form; any broadcast, presentation, series, show or other description using television, radio, Internet, social media or any other medium, electronic or otherwise; any game, computer application, contest or simulation, electronic or otherwise; any live entertainment or event of any kind; any merchandise, model, replica, memento, souvenir, collectible, ephemera, branding, label, promotional material or endorsement; or any other publicity or material, in any jurisdiction worldwide, any of which arises out of any description, expression, relation, recording, interview or writing or other memorialization of, or regarding, the Conduct, or knowledge, facts, recollections, descriptions, thoughts, feelings, opinion or emotions concerning or evoking the Conduct.

"Rights" means any compensated, compensable, saleable, or other monetized intellectual property right or other proprietary right, in any jurisdiction worldwide, in any Publicity, whether now

6

existing or made, acquired, or created after the date of this Agreement. "Rights" includes, for example, but is not limited to, all copyrights, trademark rights, rights of publicity, rights of personality, life story rights, and moral rights, including all such rights to any categories of information described under "Publicity." "Rights" does not include any non-compensated intellectual property right, such as a non-compensated public speech concerning the Conduct, or similar non-compensated right.

(b)     Forfeiture

Defendant understands that the Court will, upon acceptance of her guilty plea, enter an order of forfeiture as part of her sentence, and that the order of forfeiture may include assets directly traceable to her offenses, assets used to facilitate her offenses, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following: Intellectual property rights to, and Proceeds from Publicity concerning the Conduct (the "Property Rights and Proceeds"). Defendant admits that these assets are subject to forfeiture on the grounds that they constitute or derive from proceeds the Defendant obtained, directly or indirectly, as a result of the offenses charged in the Superseding Information. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

In addition to, and independent of, any order of forfeiture, the Defendant hereby assigns to the United States the Property Rights and Proceeds. This assignment shall include all profits and proceeds for the benefit of the Defendant, regardless of whether such profits and proceeds are payable to her or to others, directly or indirectly, for her benefit or for the benefit of the Defendant's friends, associates, or a current or future member of the Defendant's family. The Defendant shall not circumvent this assignment by assigning the right to her story to a friend, associate, or to a current or future member of the Defendant's family, or to another person or entity who would provide some financial benefit to the Defendant, to the Defendant's friends, associates, or to a current or future member of the Defendant's family. Moreover, the Defendant shall not circumvent this assignment by communicating with a friend, associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination.

Defendant agrees to assist fully in the forfeiture of the Property Rights and Proceeds. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction

7

of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims she may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases claims to any and all property, of any kind, located in 1012 Third Street, Apartment 303, Santa Monica, California as of June 22, 2011.

10.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.    Civil Liability

By entering into this Agreement, the U.S. Attorneys do not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12.    Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorneys.

13.    Breach of Agreement

If the U.S. Attorneys determine that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorneys may, at their sole option, be released from their commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorneys may also pursue all remedies available to them under the law, irrespective of whether they elect to be released from their commitments under this Agreement. Further, in the event of a breach, the U.S. Attorneys may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no

8

such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this Agreement, the U.S. Attorneys will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts and the U.S. Attorney for the Central District of California, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.    Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to First Assistant U.S. Attorney Jack W. Pirozzolo.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

By: _____
JACK W. PIROZZOLO
First Assistant United States Attorney
JAMES F. LANG,
Chief, Criminal Division
JOHN T. McNEIL
Deputy Chief, Criminal Division
JAMES D. HERBERT
Chief, Organized Crime Strike Force Unit
MARY B. MURRANE
Chief, Asset Forfeiture Unit

9

ANDRÉ BIROTTE JR.
United States Attorney
Central District of California

By:  ⟨signature⟩  3|3|12

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ELIZABETH R. YANG
Assistant United States Attorney
Chief, Violent & Organized Crime Section
KEVIN M. LALLY
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime
Section

10

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my Agreement with the United States Attorney's Office for the District of Massachusetts and the United States Attorney's Office for the Central District of California. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Catherine E. Greig
Defendant

Date: 3/7/12

I certify that Catherine E. Greig has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Kevin J. Reddington
Attorney for Defendant

Date: 3-7-12

11